ALEXIS GALINDO (SBN 136643)
  Email: agalindo@cgsattys.com
MAXIMILIANO GALINDO (SBN 328187)
  Email: mgalindo@cgsattys.com
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:    (562) 624-1178
www.cgsattys.com

Attorneys for Plaintiffs, NED MEISLIN and K.C. MEISLIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NED MEISLIN and K.C. MEISLIN<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MANHATTAN BEACH; OFFICER GREGORY HANSON; OFFICER SHANE SMITH; OFFICER CONNER HEDDE; JILL MICHELE SOHEGIAN JOHNSON and JEFFREY CARSON, and DOES 1 through 10, Jointly and Severally,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through their attorneys, CURD, GALINDO & SMITH LLP, for their Complaint against Defendants, state as follows:

## INTRODUCTION

1. This is a civil rights action arising from Defendants' use of excessive force and negligence, resulting in the injury to Plaintiffs NED MEISLIN and K.C. MEISLIN, residents of Los Angeles County. The incident occurred on March 5, 2022, at 612 19th Street, Manhattan Beach, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

2. Venue is proper in the Central District of California. The injury occurred in the City of MANHATTAN Beach, County of Los Angeles, California.

## JURISDICTION AND VENUE

3. This is a civil rights action arising from Defendants' use of excessive force and negligence, resulting in the injury to Plaintiffs NED MEISLIN and K.C.

MEISLIN. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## PARTIES AND PROCEDURE

4. Plaintiff brings these claims on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

5. Defendant CITY OF MANHATTAN BEACH is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the MANHATTAN BEACH Police Department ("MBPD") which employs other defendants in this action.

6. Based on information and belief, Defendants, Officers Gregory Hanson, Shane Smith and Conner Hedde at all material times were residents of Los Angeles County and employed as law enforcement officers by Defendant CITY OF MANHATTAN BEACH, and were acting within the course and scope of that employment. Defendants DOES 1 through 10 are being sued in their individual capacity.

COMPLAINT FOR DAMAGES AND JURY DEMAND
3

7. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

8. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

9. The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the MBPD.

10. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

11. Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation. Said claim was presented on August 2, 2022 and denied October 26, 2022.

12. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

13. Defendants, JILL MICHELE SOHEGIAN JOHNSON and JEFFREY CARSON, at all times relevant herein were non-law enforcement residents of the County of Los Angeles.

## GENERAL ALLEGATIONS

14. Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth herein.

15. This Complaint concerns the events of March 5, 2022, wherein, Plaintiff NED MEISLIN, was repairing a fence at 612 19th Street that had been vandalized by Defendants Jill Michele Sohegian Johnson and Jeffrey Carson, the occupants located at 604 19th Street, Manhattan Beach, CA.

16. Defendant Jill Michele Sohegian Johnson (JOHNSON) came out of her front door at 604 19th Street, Manhattan Beach, CA and told Plaintiff, NED MEISLIN to stop what he was doing to the fence. NED MEISLIN refused and continued his work. Defendant JOHNSON became hysterical and told Plaintiff NED MEISLIN that she would 'call the police'. Plaintiff responded: " that's a good idea",

and continued his work. Shortly thereafter, JOHNSON's male friend, JEFFREY CARSON (CARSON) trespassed onto the property at 612 19th Street where Plaintiff NED MEISLIN was working, and proceeded to vandalize the repair work that Plaintiff NED MESLIN was performing. CARSON removed two of the concrete blocks from the top of the fence. As Plaintiff NED MESLIN attempted to block CARSON from further damaging the work, CARSON struck Plaintiff NED MESLIN in the chest with one of the concrete blocks that he was holding.

17. After being struck with the concrete block by CARSON, Plaintiff NED MESLIN was in fear for his life, so he responded by pushing CARSON away. CARSON fell down on the driveway of 612 19th Street and off the property.

18. Manhattan Beach Police officers arrived, Officers Gregory J. Hanson # 20371, Officer Shane Smith, Officer Seth Charles Hartnell and Officer Conner D. Hedde.

19. Officer Hanson asked to talk to Plaintiff NED MESLIN, Plaintiff NED MESLIN approached Officer Hanson. Officer Hanson asked Plaintiff NED MESLIN, "do you have any weapons?" Plaintiff, NED MESLIN responded, "No". Officer Hanson and Officer Smith, without warning or any apparent reason, unlawfully, grabbed Plaintiff, NED MESLIN, pulled him from the private property, twisted his arms and pushed him against the hood of the patrol car. Officer Hanson and Officer Smith twisted Plaintiff NED MESLIN's shoulder and arms and then Officer Hanson asked, "do you have shoulder problems?" Plaintiff responded, "yes,

as I've been involved in two motorcycle accidents in the past six months and am currently undergoing physical therapy." At that point, Officer Hanson and Officer Smith, again purposely and maliciously twisted Plaintiff's arms again but harder and further behind his back.

20. Plaintiff NED MESLIN asked Officer Hanson, if he was under arrest and Officer Hanson replied "no, you're being detained". Officer Hanson and Officer Smith then had Plaintiff NED MESLIN sit in the back seat of the patrol vehicle where he remained for about an hour.

21. Officer Hanson and Officer Smith interviewed Defendants JOHNSON and CARSON and the Officers then released Plaintiff NED MESLIN from the patrol vehicle.

22. Neither Officer Hanson nor Officer Smith ever asked Plaintiff NED MEISLIN for his side of the story.

23. K.C. MEISLIN, NED MEISLIN's spouse at approximately 11:15AM walked west on 19th Street toward the property at 612 where her husband was repairing the fence. As K.C. MEISLIN approached she observed 3 or 4 police cars parked in the street in front of where her husband had been working. As she started up the driveway to speak to her husband, K.C. MEISLIN was approached by Officer Connor D. Hedde. Hedde said to her, "Stop...you can't go there." And K.C. NEISLIN responded, "I'm looking for my husband. Where is he?" Officer Hedde replied, "he's being detained". She then asked "where?" Officer Hedde indicated

COMPLAINT FOR DAMAGES AND JURY DEMAND

7

that he was in the back of the patrol car. K.C. MEISLIN asked Officer Hedde, "Why is he there? What did he do?" He just kept robotically repeating, "He's being detained." K.C. MEISLIN began to walk towards the patrol that her husband was in. Officer Hedde again told her, "you can't go there!" In response, K.C. MEISLIN then decided to sit and wait in her truck. K.C. MEISLIN then turned to walk toward her truck that was parked in her driveway. Officer Hedde told her, "you can't go there." K.C. MEISLIN asked, 'why not?...this is my driveway." K.C. MEISLIN then attempted to explain the lot configuration to Officer Hedde but it just went over his head. K.C. MEISLIN then attempted to sit down in the sun which was clearly unacceptable to Officer Hedde for no reason. Plaintiff K.C. MEISLIN attempted to sit down, Officer Hedde grabbed her forcefully from behind, spun her around and pushed her toward the retaining wall at 612 19th Street.

24. K.C. MEISLIN was shocked as Officer Hedde's excessive use of physical force was unlawful, absolutely without provocation, or justification. He had absolutely no reason to put his hands on K.C. MEISLIN.

25. NED MEISLIN and K.C.MEISLIN filed complaints with the Manhattan Beach Police Department watch commander. The complaints were not investigated and simply ignored.

26. The City of MANHATTAN Beach and its employees, violated the Plaintiffs' civil rights and constitutional rights including unlawful search and seizure.

Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department, along with other officers of the MANHATTAN Beach Police Department whose names are presently unknown to Plaintiffs, while in the course and scope of their employment as police officers for the City of MANHATTAN BEACH, acted with excessive force when they made or caused to be made unlawful contact with Plaintiffs person without justification.

27. The Plaintiffs were not causing any danger to any third party, they were not a threat to the officers.

28. Alternatively, or concurrently, defendants excessive and unreasonable actions created a risk of harm to both Plaintiffs.

29. Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department, and DOES 1 through 10, conduct herein, including but not limited to their decision(s) to stop and seize NED MEISLIN and K.C. MEISLIN, the manner in which they conducted that stop and seizure, their failure to communicate with Plaintiffs, their failure to warn that force was going to be used, was contrary to generally accepted reasonable police procedures and tactics, and caused the injuries to both Plaintiffs.

30. At all material times, and alternatively, the actions and omissions of each of the defendants was intentional, wanton and/or willful, shocking to the conscience, reckless disregard, malicious, deliberately indifferent to Plaintiff's rights, and done with actual malice, gross negligence, negligence, and was objectively unreasonable.

COMPLAINT FOR DAMAGES AND JURY DEMAND
9

31.     As a direct and proximate result of each Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department and DOES 1 through 10, acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

    a.     Severe physical and mental injuries;

    b.     Medical expenses for the past and future;

    c.     Severe emotional distress;

    d.     Violation of constitutional rights;

    e.     All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

    f.     Plaintiffs' conscious pain and suffering, pursuant to federal civil rights law;

## COUNT ONE
## -- 42 USC §1983 --
### PLAINTIFFS AGAINST DEFENDANT OFFICERS Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department DOES 1 through 10

32.     Plaintiffs re-allege, each and every paragraph in this complaint as if fully set forth herein.

33.     By the actions and omissions described above, Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department, and DOES 1 through 10, violated 42 USC §1983, depriving Plaintiffs of

the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

    d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

33. Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department, and DOES 1 through 10, subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs would be violated by their acts and/or omissions.

34. As a direct and proximate result of Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department, and DOES 1 through 10, acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

35. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 as against the individual officers.

36. Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

## COUNT TWO
## -- VIOLATION OF CALIFORNIA CIVIL CODE §52.1 --
## PLAINTIFFS AGAINST DEFENDANTS Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department DOES 1 through1 0

37. Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.

38. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

   c. The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

   d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

   e. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship and society with each other, as secured by the First, Fourth and Fourteenth Amendments;

  f.  The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

  g.  The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

  h.  The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

  i.  The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

39.  As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief and punitive damages against Defendants in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, and civil penalties.

**COUNT THREE**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**PLAINTIFFS AGAINST Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department ;**
**CITY OF MANHATTAN BEACH,**
**DOES 1 through 10**

40.  Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.

41. At all times, each Defendant owed each Plaintiff herein the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

42. At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

43. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against;

   b. to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

   c. to refrain from abusing their authority granted them by law;

   d. to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

44. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendant CITY OF MANHATTAN BEACH and Defendants Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN Beach Police Department, and DOES 1 through 10, includes but are not limited to the following specific obligations:

   a. to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

     b.    to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs'.

     c.    to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 29, above.

45. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

46. As a direct and proximate result of Defendants negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief and punitive damages against Defendants in their individual capacities.

## COUNT FOUR
## -- ASSAULT AND BATTERY --
## PLAINTIFFS AGAINST DEFENDANTS Officer Hanson, Officer Smith and Officer Hedde, of the MANHATTAN BEACH Police Department; DOES 1 through 10

47. Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.

48. The actions and omissions of Defendants as set forth above constitute assault and battery.

49. As a direct and proximate result of Defendants Officer Hanson, Officer Smith and Officer Hedde of the MANHATTAN Beach Police Department, and DOES 1 through 10, assault and battery of NED MEISLIN and K.C. MEISLIN, Plaintiffs sustained injuries and damages, and are entitled to relief.

# COUNT FIVE
## -- NEGLIGENCE; PERSONAL INJURIES --
## PLAINTIFFS AGAINST Defendants,
## JILL MICHELE SOHGIAN JOHNSON and JEFFREY CARSON

50. Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.

51. At all times, each of the Defendants owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

52. At all times, each of the Defendants owed Plaintiffs the duty to act with reasonable care.

53. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

    a.    to refrain from reporting false statement to law enforcement against PLAINTIFFS;

54. JILL MICHELE SOHEGIAN JOHNSON and JEFFREY CARSON made the false statements to MANHATTAN BEACH POLICE, with the intent to cause injury and/or harm to plaintiffs

55. As a direct result of the failure of Defendants JILL MICHELE SOHEGIAN JOHNSON and JEFFREY CARSON, and each of them, in their use and management of the premises, and the false statements made about Plaintiffs which directly caused Plaintiffs' unlawful detainment, Plaintiffs suffered and continue to suffer, severe and permanent injuries, debilitating pain, extreme emotional shock and

suffering in respect to which Plaintiffs seek recovery of general damages in an amount according to proof at trial.

56. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above against Defendants in their individual capacities.

## COUNT SIX
## -- ASSAULT AND BATTERY --
## PLAINTIFF NED MEISLIN AGAINST DEFENDANT JEFFREY CARSON

57. Plaintiff NED MEISLIN re-alleges each and every paragraph in this complaint as if fully set forth here.

58. The actions of Defendant, JEFFREY CARSON by striking Plaintiff with a concrete block as set forth above constitutes an assault and battery.

59. As a direct and proximate result of Defendant's, assault and battery of NED MEISLIN, Plaintiff sustained injuries and damages, and is entitled to relief.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

**FIRST CAUSE OF ACTION  (42 U.S.C. § 1983)**

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses according to proof at trial;

3. For costs of suit incurred herein;

4. For attorney's fees, investigation fees, and expenses pursuant to 42 U.S.C. § 1988;

5. For punitive damages against the individual defendants;

6. For trial by jury; and

7. For such other and further relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION (CIVIL CODE §52.1)**

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses according to proof at trial;

3. For costs of suit incurred herein;

4. For attorney's fees, investigation fees, and expenses pursuant to 42 U.S.C. § 1988;

5. For punitive damages against the individual defendants;

6. For trial by jury; and

7. For such other and further relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION (NEGLIGENCE)**

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses according to proof at trial;

3. For costs of suit incurred herein;

4. For such other and further relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION (ASSAULT AND BATTERY)**

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses according to proof at trial;

3. For costs of suit incurred herein;

4. For punitive damages against the individual defendants;

5. For such other and further relief as the Court deems just and proper.

**FIVE CAUSE OF ACTION (NEGLIGENCE)**

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses according to proof at trial;

3. For costs of suit incurred herein;

4. For punitive damages against the individual defendants;

5. For such other and further relief as the Court deems just and proper.

**SIXTH CAUSE OF ACTION (ASSAULT AND BATTERY)**

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses according to proof at trial;

3. For costs of suit incurred herein;

4. For punitive damages against the individual defendants;

5. For such other and further relief as the Court deems just and proper.

DATED: March 28, 2023                    **CURD, GALINDO & SMITH, LLP**

/s/ **Alexis Galindo**
ALEXIS GALINDO
Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues.

COMPLAINT FOR DAMAGES AND JURY DEMAND
19

| | | |
|---|---|---|
| 1 | DATED: March 28, 2023 | **CURD, GALINDO & SMITH, LLP** |
| 2 | | |
| 3 | | /s/ **Alexis Galindo** |
| | | ALEXIS GALINDO |
| 4 | | Attorneys for Plaintiffs |
| | | Ned Meislin & K.C. Meislin |